UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

HOWARD E. GRADY,

       Plaintiff,

       v.                                        Case No. 23-cv-0143-bhl

REBECCA DUDZIK,
NANCY CZERNIEWSKI,
ROSE MARIE RODERICK, and
STEVEN COMPTON,

       Defendants.

---

## SCREENING ORDER

---

Plaintiff Howard Grady, who is currently serving a state prison sentence at the Oshkosh Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Grady's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Grady has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). As required under 28 U.S.C. §1915(a)(2), Grady has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint and has been assessed and paid an initial partial filing fee of $204.15. Grady's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

Grady asserts that, despite numerous requests, various court reporters and his prior counsel failed to provide him with a transcript of the closing arguments from his criminal trial. Based on attachments Grady filed in support of his complaint, it appears that he received transcripts of all other portions of his trial. *See* Dkt. No. 1-2 at 1, 12-14, 19, 21. Grady asserts that "his appeal has been prejudice[d] by the lack of a complete verbatim transcript" and "the delay in receiving the transcript violated [his] constitutional right to due process." Dkt. No. 1 at 3.

## THE COURT'S ANALYSIS

Grady seeks to recover damages from Defendants based on their alleged failure to provide him with transcripts of the closing arguments in his criminal trial. He believes that had they done so, he could have successfully challenged his conviction. In other words, according to Grady, his conviction remains intact because of Defendants' alleged misconduct. Grady's claim is barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Under *Heck,* a § 1983 suit for damages is barred if the suit is premised on the contention "that unlawful conduct produced an invalid conviction" and "success necessarily implies the invalidity of a conviction or sentence." *Hummel v. Cooley*, 753 F. App'x 411, 413 (7th Cir. 2019). Accordingly, *Heck* forbids this lawsuit unless and until Grady "first has his conviction overturned through a federal writ of habeas corpus (or similar remedy), which has not occurred." *Id.* (holding that *Heck* barred a prisoner's lawsuit premised on allegations that he lost his appeal because he did not have copies of his trial transcripts); *see also Burd v. Sessler*, 702 F.3d 429, 433-34 (7th Cir. 2012), *overruled on other grounds by Savory v. Cannon*, 947 F.3d 406 (7th Cir. 2020), (holding that plaintiff cannot show the requisite injury for

3

an access-to-the-courts claim without showing that he should not have been convicted, a showing that would necessarily implicate the validity of his conviction). Because Grady's claim is barred by *Heck*, the Court must dismiss this action and will deny his other motions as moot.

**IT IS THEREFORE ORDERED** that Grady's motion for leave to proceed without prepaying the filing fee (Dkt. No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED without prejudice** because Grady's claims are *Heck*-barred.

**IT IS FURTHER ORDERED** that Grady's motions for miscellaneous relief, to appoint counsel, and for an order to proceed with discovery (Dkt. Nos. 3, 10) are **DENIED as moot**.

**IT IS FURTHER ORDERED** that the agency having custody of Grady shall collect from his institution trust account the $145.85 balance of the filing fee by collecting monthly payments from Grady's prison trust account in an amount equal to 20% of the preceding month's income credited to Grady's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Grady is transferred to another institution, the transferring institution shall forward a copy of this Order along with Grady's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin on May 3, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.