UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

HOWARD E. GRADY,

    Plaintiff,

v.                                    Case No. 23-cv-0143-bhl

REBECCA DUDZIK, et al.,

    Defendants.

## DECISION AND ORDER

Plaintiff Howard Grady is representing himself in this 42 U.S.C. §1983 case. On May 5, 2023, the Court screened the complaint and dismissed this action because his claim that court reporters failed to transcribe his entire criminal trial is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Dkt. No. 14. On May 15, 2023, Grady filed a motion for reconsideration and asked for leave to file an amended complaint to cure the deficiencies identified in the screening order. Dkt. No. 16. The Court will deny Grady's motion.

Under Federal Rule of Civil Procedure 59(e), a party may move to alter or amend a judgment within 28 days of the entry of judgment. A Rule 59(e) motion may be granted only if a party can "clearly establish" either newly discovered evidence or a manifest error of law or fact warranting relief. *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006) (citations omitted). A "manifest error of law" "is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metropolitan Life Ins. Co.*, 224 F.2d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)).

Grady does not present any newly discovered evidence; instead, he primarily argues what he believes to be the merits of his claim. But as explained in the screening order, a prisoner's lawsuit premised on allegations that he lost his appeal because he did not have complete copies of his trial transcripts would necessarily imply the invalidity of his conviction and therefore is barred by *Heck*. *See* Dkt. No. 14 at 3 (citing *Hummel v. Cooley*, 753 F. App'x 411, 413 (7th Cir. 2019)). Grady also asserts that the court reporters violated state law by not transcribing his entire trial, but "a constitutional suit is not a way to enforce state law through the back door." *Wozniak v. Adesida*, 932 F.3d 1008, 1011 (7th Cir. 2019). And references to federal statutes requiring court reporters to transcribe all portions of a trial are misplaced because Grady was convicted in state court, not federal court.

Grady merely demonstrates his disappointment with the Court's decision by disagreeing with how the Court applied the law to the facts of his case. But a party's disagreement with the Court's analysis is not a sufficient basis for granting a Rule 59(e) motion. Accordingly, the Court will deny Grady's motion.

**IT IS THEREFORE ORDERED** that Grady's motion for reconsideration and leave to file an amended complaint (Dkt. No. 16) is **DENIED**.

Dated at Milwaukee, Wisconsin on May 18, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge